PETER D. KEISLER
Assistant Attorney General
STEPHEN M. KETYER
Trial Attorney
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
Tel. (202) 616-4034
Fax (202) 616-4159

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DEBRA CORRA and ANTHONY LAVIGNANI,           :
individually as Parents and Natural Guardians of   :     07 CV 4110 (LAK)
ANTHONY LAVIGNANI, an Infant,                :
                                             :           IN ADMIRALTY
                     Plaintiffs,             :
                                             :
       vs.                                   :
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
                     Defendant.              :
-------------------------------------------------------------------x

UNITED STATES' MOTION AND
<u>MEMORANDUM IN SUPPORT OF VENUE TRANSFER</u>

PRELIMINARY STATEMENT

Plaintiffs designated this action as having been brought against the United States of America ("United States") under the authority of the Suits in Admiralty Act ("SAA") and the Public Vessels Act ("PVA"). Since Plaintiffs' Complaint ("Complaint") alleges facts describing a personal injury aboard a United States Navy vessel, this action comes within the exclusive admiralty jurisdiction of this Court and must be brought against the

United States in conformity with the mandatory venue requirements of the PVA. The relevant venue requirement of the PVA requires Plaintiffs to bring suit where the vessel is found at the time of filing. At the time that Plaintiffs filed their Complaint, the vessel in question was berthed in Mayport, Florida. The United States now moves, under FED. R. CIV. P. 12(b)(3), to transfer this matter to the United States District Court, Middle District of Florida, under to the venue provisions of the PVA and 28 U.S.C. § 1406(a)[1].

BACKGROUND

The Complaint (Ex. A) alleges, as a first cause of action,[2] that on May 28, 2005[3], Plaintiff Anthony Lavignani, a minor child, was injured aboard a Navy vessel, the aircraft carrier USS JOHN F. KENNEDY (CV 67).[4] (Compl. at ¶¶ 11, 12.) In respect of venue, the Complaint is silent and does not contain any allegations regarding the location of USS JOHN F. KENNEDY (CV 67) at the time it was filed. However, when the Complaint

---

[1] Section 1406(a) provides that a District Court may transfer a case that is filed in the wrong venue "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Courts have held that section 1406(a) is the appropriate authority to transfer venue in Public Vessels Act cases. *See Henderson v. United States,* 517 U.S. 654, 116 S. Ct. 1638 (1996).

[2] The second cause of action is a claim for loss-of-consortium damages on behalf of the parent-Plaintiffs. (Compl. at ¶¶ 24-26.)

[3] The references to "May 28, 2006" in paragraphs 11, 12, and 20, of the Complaint, may be typographical errors.

[4] In fact, Plaintiffs equivocate as to the alleged place of injury, "[a]t and/or in the vicinity of the USS John F. Kennedy . . . ." Compl. at ¶ 11. However, the United States will admit in its Answer, on information and belief, that the situs of the alleged events was on board the USS JOHN F. KENNEDY (CV 67).

was filed on May 25, 2007, the USS John F. Kennedy was berthed at Mayport, Duval County, Florida (*see* Ex. B., Aff. of D. Williams), which is located in the Middle District of Florida.  28 U.S.C. § 89(b).

ARGUMENT

A.   Under the Venue Provisions of the Public Vessels Act, Venue Is Proper Only in the Middle District of Florida.

Plaintiffs designated this action as having been brought against the United States under the authority of the SAA[5] and the PVA[6].  (Compl. at ¶¶ 2, 3.)  The Complaint seeks damages for injury caused by the alleged negligence of the United States aboard the USS JOHN F. KENNEDY (CV 67) (*see generally* Compl.), thus placing this action under the admiralty jurisdiction of this Court.  The PVA[7] waives the sovereign immunity of the United States in admiralty actions alleging damages caused by a public vessel of the United States.  46 U.S.C. § 31102 (a)(1).  Courts have defined the term "public vessel" as a vessel owned or controlled by the United States, unless the vessel is engaged in transporting cargo for hire for private shippers.  *See, e.g., Canadian Aviator v. United States,* 324 U.S. 215, 69 S. Ct. 639 (1945); *Blevins v. United States,* 769 F.2d 175 (4th

---

[5] 46 U.S.C. §§ 30901-30918 (formerly 46 U.S.C. app. §§ 741-752).

[6] 46 U.S.C. §§ 31101-31113 (formerly 46 U.S.C. app. §§ 781-790).

[7] Plaintiff also claims that sovereign immunity is waived under the SAA, but any claim against a public vessel must be brought pursuant to the PVA.  *See United States v. United Continental Tuna*, 425 U.S. 164, 169 (1976); *Blevins v. United States*, 769 F.2d 175, 180 n.2 (4th Cir. 1985); *Blanco v. United States,* 775 F.2d 53, 57 (2d Cir. 1985).

3

Cir. 1985).

The United States can only be sued in strict conformity with the conditions by which it has waived its sovereign immunity from suit. *United States v. Sherwood*, 312 U.S. 584, 586-587; 61 S. Ct. 767, 769-770 (1941); *Soriano v. United States*, 352 U.S. 270, 273; 77 S. Ct. 269, 276 (1957); *Chilean Line, Inc. v. Main Ship Repair Corp.*, 232 F. Supp. 907, 909 (S.D.N.Y. 1964). Like other statutes governing claims against the United States, the PVA is a limited waiver of sovereign immunity. In the PVA "Congress has seen fit to establish some limitations as to *where* the Government is subject to suit." *Martin v. United States*, 323 F. Supp. 1131, 1133 (E.D. Pa. 1970) (emphasis added). The PVA provides, in relevant part, that a suit shall be brought "in the district court of the United States for the district in which the vessel . . . charged with creating the liability is found within the United States." 46 U.S.C. § 31104(a); *see, e.g., Gaines v. United States*, 2004 AMC 2177, 2004 WL 3007091 (D. Md. 2004); *see Asociacion de Pescadores de Vieques, Inc. v. United States*, 497 F. Supp. 54 (D.P.R. 1979). A public vessel is "found" by being physically present in the district at the time the complaint is filed. *See Canadian Aviator,* 324 U.S. at 221, 65 S. Ct. at 643 (1945); *Sherman v. United States*, 246 F. Supp. 547, 548 (W.D. Mich. 1965).

In this case, the venue provisions of the PVA apply and, as the subject vessel was berthed in Mayport, Florida when Plaintiffs filed their Complaint on May 25, 2007 (Ex. B, Aff. of D. Williams), venue is proper only in that district. Plaintiffs, therefore, were

required to file this action in the Middle District of Florida. *See* 46 U.S.C. § 31104(a); *see Chilean Line, Inc.*, 232 F. Supp. at 908. Having failed to do so, the action must be transferred there.

      B.      <u>The Public Vessel Act Is the Sole Basis for Plaintiffs to Bring this Action.</u>

The PVA provides the sole basis for Plaintiffs to bring this action. *United States v. United Cont'l Tuna*, 425 U.S. 164, 96 S. Ct. 1319 (1976). While certain provisions of the SAA are incorporated by reference into the PVA—to the extent those provisions are not inconsistent with the PVA's terms—a plaintiff cannot evade the more restrictive terms of the PVA by also suing under the SAA. *See United Cont'l. Tuna*, 425 U.S. at 169, 96 S. Ct. at 1323; *see Gaines*, 2004 AMC at 2178, n.2 (D. Md. 2004), 2004 WL 3007091.

Although a plaintiff's venue choice is typically given deference, *see* 28 U.S.C. §§ 1391, 1404, that policy yields to specific statutes that determine the appropriate litigation forum for admiralty actions involving the United States. *Martin*, 323 F. Supp. 1131; *see* 46 U.S.C. §§ 31104(a). Plaintiff's exclusive remedy rests with the PVA. *Id.*

The convenience of the forum to Plaintiff should not be a consideration. By way of illustration, the plaintiff in *Gaines*, *supra*, was injured on the USNS SEAY, while the vessel was located at Pattaya Beach, Thailand. Plaintiff filed suit in her district of residence, the District of Maryland, when the vessel was berthed in Philadelphia, Pennsylvania. The Plaintiff argued that by moving to transfer venue to the Eastern District of Pennsylvania, the United States improperly ignored the convenience of

5

Plaintiff, her treating physicians, and her counsel, all of whom were located in Maryland. But the district court ruled that such considerations were not relevant to meeting the requirements of the PVA. *Gaines*, 2004 AMC at 2178-2179, 2004 WL 3007091.

Dismissal pursuant to 28 U.S.C. § 1406(a) has been held to be inappropriate where the statute of limitations has run, as it has here. "Transfer, rather than dismissal, also is in the interest of justice." *Gaines*, 2004 AMC at 2179, 2004 WL 3007091; *see Pescadores de Vieques*, 497 F. Supp. at 55-6.

    C.    Plaintiffs Cannot Sue The United States Under The Federal Tort Claims Act.

This case is an admiralty matter that arises out of the general maritime law, yet Plaintiffs' Complaint appears to imply that the Court's subject matter jurisdiction also can be premised upon the Federal Tort Claims Act ("FTCA")[8]. (Compl. at ¶¶ 4, 5, and 6.[9]) The FTCA, however, expressly excludes "[a]ny claim for which a remedy is provided by [SAA or PVA], relating the claims or suits in admiralty against the United States." 28 U.S.C. § 2680(d). *See Simonowycz v. United States*, 125 F. Supp. 847 (N.D. Ohio 1954). Thus, Plaintiffs have no remedy under the FTCA and cannot avail themselves of the venue provisions under 28 U.S.C. § 1402(b).

---

[8] 28 U.S.C § 1346(b), § 1402(b), §§ 2671-2680.

[9] Plaintiffs may have intended to reference section 2765 of Title 28, United States Code, not section "267."

CONCLUSION

For the foregoing reasons, Defendant United States respectfully requests that its motion to transfer venue to the Middle District of Florida be granted.

DATED:   August 28, 2007
         Washington, D.C.

                                              Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              /s/  Stephen M. Ketyer
                                              STEPHEN M. KETYER
                                              Trial Attorney
                                              Department of Justice
                                              Civil Division, Torts Branch
                                              Aviation/Admiralty Litigation
                                              Post Office Box 14271
                                              Washington, D.C.  20044-4271
                                              (202) 616-4034
                                              (202) 616-4159 (fax)
                                              stephen.ketyer@usdoj.gov
                                              *Counsel for the United States of America*

Of Counsel:

LCDR ROBERT A. WILLIAMS, JAGC
United States Navy
Office of the Judge Advocate General
Admiralty and Maritime Law (Code 11)
1322 Patterson Ave., Ste. 3000
Washington Navy Yard, DC 20374-5066
Telephone (202) 685-5157
robert.a.williams8@navy.mil

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 28, 2007, copies of the foregoing Notice of Motion, United States' Motion and Memorandum in Support of Venue Transfer, and Proposed Order, were filed and served by CM/ECF, or served by FedEx Priority Overnight addressed to the following counsel of record:

Mary Margaret Looby, Esq.
Gravante & Looby, LLP
1514 86th St.
Brooklyn, NY 11228
Tel. 718-236-3800

/s/ Stephen M. Ketyer
_____
STEPHEN M. KETYER
Employee
U.S. Department of Justice