EXHIBIT
A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 4110

-----------------------------------------------------------X
DEBRA CORRA and ANTHONY LAVIGNANI,
individually as Parents and Natural Guardians of
ANTHONY LAVIGNANI, and Infant,

       Index No.:

       JUDGE KAPLAN

                        Plaintiffs,
    -against-                                VERIFIED COMPLAINT

UNITED STATES OF AMERICA,                 Jury Trial Demanded
                             Defendants.                       MAY 2 5 2007
-----------------------------------------------------------X

      Plaintiffs, through their attorneys Gravante & Looby, as and for their verified complaint, state as follows:

      1.     That at all times herein mentioned, plaintiffs, DEBRA CORRA and ANTHONY LAVIGNANI, and ANTHONY LAVIGNANI, and Infant, reside at 56 Pierpont Place, SI, NY.

      2.     This action is brought under Suits in Admiralty Act, 46 U.S.C. 30901-30918 and the Public Vessels Act, 46 U.S.C. 31101-31108, for personal injuries of the infant Plaintiff, Anthony Lavignani, arising out of maritime torts committed by agents or employees of the Navy, and/or damages caused by a Navy vessel, through negligent or wrongful acts of omissions of emloyees, agents, apparent agents, servants, or employement, agency, servitued or represenative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs under the laws of the State of New York, where the acts or omissions occurred.

      3.     Jurisdiction of this Court is pursuant to Admiralty Act, 46 U.S.C. 30901-30918 and the Public Vessels Act, 46 U.S.C. 31101-31108.

      4.     On June 28, 2006, Plaintiffs filed their administrative claim based on the facts alleged her with the appropriate federal agency, the Department of the Navy, for damages arising out of th epersonal injury sustained by Anthony Lavignani, an infant, based on the negligence of United States

Government employees, agents, apparent agents, servants, or employment, agency, servitude or representative capacity apparent agents arising out of the course of their duties at the USS John F. Kennedy, while docked at a port of New York City.

5. Such claims were presented as required by 28 U.S.C.267. A copy of the administrative claim is attached to this complaint as Exhibit 1.

6. It has been more than six (6) months since the original administrative claim was filed with the Department of the Navy, which is the appropriated federal agency, as required by 28 U.S.C.267. The Department of the Navy has failed to resolve the above mentioned administrative claim.

7. At all times material to this complaint, plaintiffs, DEBRA CORRA and ANTHONY LAVIGNANI, were the parents and natural guardians of their son, ANTHONY LAVIGNANI, an infant.

8. At all times material to this complaint, the USS John F. Kennedy is a vessel owned by the United States of America, and operated, maintained, controlled and operated by the Department of the Navy.

9. Defendant, its agents, servants, and/or employees had a duty to keep all parts of the aforementioned USS John F. Kennedy in a safe condition so as to not endanger life and limb, and not to design or create a dangerous condition, and not to permit a dangerous condition to exist.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF INFANT PLAINTIFF ANTHONY LAVIGNANI,

10. Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "9", inclusive with the same force and effect as if hereinafter set forth at length.

11. That on or about May 28, 2006, the infant plaintiff, ANTHONY LAVIGNANI, was lawfully inside, at and/or in the vicinity of the USS John F. Kennedy, which was docked at Pier 88 during Fleet Week, in New York City.

12. That on or about May 28, 2006, at approximately 3:30 p.m. while the plaintiff, ANTHONY LAVIGNANI, an infant, was lawfully and properly upon the aforesaid premises, plaintiff was viewing a tank located on said vessel, which was being presented by a naval officer, name which is unknown, was caused to fall inside of the tank and was stomped on by other children viewers inside the tank causing sever and permanent injuries.

13. Defendant, its agents, servants and/or employees carelessly and negligently maintained, supervised, controlled, operated, and fail to keep the premises in a safe and orderly condition.

14. Defendant, its agents, servants and/or employees carelessly and negligently permitted the premises be and remain in a negligent and unreasonable condition which was easily accessible to children.

15. Upon information and belief, the defendants negligently and carelessly failed properly to supervise, operate, manage and control the premises.

16. Upon information and belief at all times herein, and for some time prior thereto, the defendants and any agents, servants, or employees of the defendant well knew, or in the exercise of reasonable care and prudence, should have known that the aforementioned premises would be a dangerous condition and viewed and used by and be attractive to children, that such children were immature and not chargeable with a sense of danger or capable of exercising ordinary prudence and care and that it was reasonable and probably that children would act in an unsafe manner.

17. At all times herein, it was the duty of the defendant and any agents, servants and/or

employees of the defendant to properly and carefully instruct, admonish, warn, and inform it's the public and the children under its and their supervision in the use and care of viewing such tank, and warn them that they could injure themselves, and otherwise insure that all prudent and necessary steps and precautions were taken to prevent any of the any harm or injury nor subject others to injury or harm.

18. The defendant did not exercise reasonable care and diligence in the selection, engagement, and employment of its agents, servants and employees, and at all times herein mentioned, provided the with, and placed irresponsible, careless, and negligent agents, servants and/or employees in charge of the premises.

19. At all times hereinafter mentioned, the defendant, disregarded its duties and negligently and carelessly left the children unsupervised and otherwise created conditions wherein it was reasonable to anticipate that children would play and get excited about viewing the tank and play therein, and such negligence and carelessness on the part of the defendant reasonable could, and, in fact did result in injuries to others.

20. On or about May 28, 2006, the infant-plaintiff, was seriously and grievously injured when he fell and was stomped by the other children.

21. That the injuries sustained by the infant-Plaintiff were caused solely through the carelessness, recklessness and negligence of the Defendants, their agents, servants and/or employees, and through no fault or lack of care on the part of the Plaintiff herein.

22. That as a result of the Defendants' negligence, the infant-Plaintiff, was rendered sick, sore, lame and disabled, was caused to sustain severe and serious personal injuries in nature; was caused to require medical care and attention, and upon information and belief, will require same in future; was caused to expend various sums of money in an endeavor to cure himself of the aforesaid

injuries and, upon information and belief, said expenses will continue in the future, was confined to bed and home as a result thereof.

23. By virtue of the foregoing, the Plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS AS PARENTS AND NATURAL GUARDIANS

24. Plaintiffs repeat, reiterate and reallege each and every allegation contained hereinabove in Paragraphs "1" through "23" inclusive with the same force and effect as if heretofore set forth at length.

25. At all times hereinafter mentioned, Plaintiffs, DEBRA CORRA and ANTHONY LAVIGNANI, were and still are the parents and lawful guardians of the infant Plaintiff..

26. By reason of the foregoing, Plaintiffs, have been deprived of the consortium of their child, including but not limited to his support, services, love and companionship, affection, society, and solace, and was caused to expend various sums of money in an endeavor to cure the infant-plaintiff of the aforesaid injuries and, upon information and belief, said expenses will continue in the future, all of which has caused her to be damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**WHEREFORE**, Plaintiffs demand judgement against the Defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS on the First Cause of Action, the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Second Cause of Action, with interest from the 28th day of May, 2007, together with costs, attorneys' fees, and disbursements of this action.

Dated: Brooklyn, New York
      May    , 2007

Yours, etc.

MARY MARGARET LOOBY (ML 9670)
GRAVANTE & LOOBY, LLP
Attorneys for Plaintiffs
Office & P.O. Address
1514 86th Street
Brooklyn, New York 11228
(718) 236-3800

UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEBRA CORRA and ANTHONY LAVIGNANI,
individually as Parents and Natural Guardians of          Index No.
ANTHONY LAVIGNANI, and Infant,     Plaintiffs,
          -against-

UNITED STATES OF AMERICA,
                              Defendants                  **ATTORNEY'S**
                                                          **VERIFICATION**

----------------------------------------------------------------X

      I, MARY MARGARET LOOBY, an attorney admitted to practice in the courts of New York State, state that I am an associate at the law firm of GRAVANTE & LOOBY, LLP the attorneys of record for the Plaintiffs in the within action; I have read the forgoing COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those mattes I believe it to be true. The reason this verification is made by me and not by the Plaintiffs, is that Plaintiffs do/does not reside in the County in which Plaintiffs attorneys maintains her office.

      The source of deponent's information and the grounds of her belief are communications had with the Plaintiffs, records and investigations contained in the file.

      I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Brooklyn, New York
      May 17, 2007

                                                        MARY MARGARET LOOBY

## VERIFICATION

STATE OF NEW YORK  }
                   } ss.:
COUNTY OF KINGS    }

DEBRA CORRAO, being duly sworn, deposes and says:

That I am a Plaintiff/Petitioner in the within action; I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
DEBRA CORRAO

Sworn to before me this
17 day of May, 2007

_____
NOTARY PUBLIC

MARY LOOBY
Notary Public State of New York
No. 24-4911504
Qualified in Kings County
Commission Expires 2/16/ 2010

EXHIBIT 1

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Commanding Officer Naval Legal Service Office, Mid Atlantic Attention: Federal Tort Claims Division 9620 Maryland Avenue, Suite 100, Norfolk, Virginia 23511-2989 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Riccardo Lavignani, Infant by Father Anthony Lavignani 56 Pierpont Place Staten Island, New York 10314 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 9/19/96 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Saturday, May 28, 2005 | 7. TIME (A.M. OR P.M) 3:30 pm |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

SEE ATTACHED RIDER

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

NOT APPLICABLE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Riccardo Lavignani sustained a fracture to the left distal/radius, fracture to the left distal/ulna as well as severe pain and limited range of motion. The claimant underwent a closed reduction of the left distal/radius

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| | UNKOWN | UNKNOWN |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| N/A | $5,000,000 | N/A | $5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory (718)753-6627 | 14. DATE OF CLAIM 6/28/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch  
Civil Division  
U.S. Department of Justice  
Washington, DC 20530

and to the  
Office of Management and Budget  
Paperwork Reduction Project (1105-0008)  
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

N/A

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

# **RIDER**

**BASIS OF CLAIM:**

On May 28, 2005 at approximately 3:30 p.m., the infant claimant, <u>Riccardo Lavignani, Jr.</u> was visiting Pier 88 during Fleet Week. The claimant, Riccardo Lavignani, Jr. was legally aboard the John F. Kennedy ship, located on 12th Avenue and 48th Street, New York, New York. The claimant was viewing a tank at the Intrepid Sea-Air-Space Museum which was being presented by a naval officer, (name of which is unknown to claimant) when the claimant was caused to fall inside of the tank and was stomped by other children viewers inside of the un-supervised tank.

## Attorney Authorization

To:   Commanding Officer
      Naval Legal Service Office Mid-Atlantic
      Attn: Federal Tort Claims Division
      9620 Maryland Avenue, Suite 100
      Norfolk, VA  23511-2989

I, Anthony Lavignani as Father and Natural Guardian of infant claimant, Riccardo Lavignani Jr. designate and authorize Mary Margaret Looby, associated with the law office of Gravante & Looby, LLP to represent me in any and all claims which have been filed or will be filed arising from an accident which occurred on May 28, 2005 at approximately 3:30p.m., while the infant claimant, Riccardo Lavignani, Jr. was visiting Pier 88 during Fleet Week. The claimant, Riccardo Lavignani, Jr. was legally aboard the John F. Kennedy ship, located on 12th Avenue and 48th Street, New York, New York. The claimant was viewing a tank at the Intrepid Sea-Air-Space Museum which was being presented by a naval officer, (name of which is unknown to claimant) when the claimant was caused to fall inside of the tank and was stomped by other children viewers inside of the un-supervised tank.

Executed this 28th day of June, 2006 at The Law Office of Gravante & Looby.

_____
Signature of Claimant

 

STATEN ISLAND UNIVERSITY HOSPITAL
475 Seaview Avenue
Staten Island, NY 10305-3498

3110580
LAVIGNANI, RICCARDO
DOB: 09-19-96 M
CE 1204552

# EMERGENCY SERVICES AFTERCARE INSTRUCTIONS TO THE PATIENT

(NOTE: Items (X)checked only — Disregard all other items)

PROFESSIONAL AND OTHER SERVICE NOT PROVIDED BY THE HOSPITAL WILL BE BILLED INDEPENDENTLY. EXAMPLES: E.K.G., X-RAY INTERPRETATION SPECIAL PHYSICIAN COMPONENT

Learning Assessment Relevant cultural/religious practices__________ None ☐

Barriers to Learning Visual ☐ Auditory ☐ Sensory ☐ Emotional ☐ Physical ☐ Cognitive ☐ Unwilling to learn ☐ Unable to read ☐ None ☐

Primary language spoken:__________

Learning Preference: Discussion ☐ Reading ☐ Video ☐ Demonstration ☐ None ☐

## GENERAL INSTRUCTIONS:

_____ Fill your prescriptions and take as directed.

_____ Don't drink alcohol, drive or operate machinery while on this medication.

_____ X-ray (Emergency reading only): An official reading will be done by a Radiologist. If there is any change in diagnosis requiring a change in treatment, you will be notified.

_____ Work/school absence: This emergency visit can only authorize an absence for the next 24 hours. Further absence would have to be authorized by your family or company physician.

NOTE: If your condition worsens, or new symptoms appear, or should you not recover as expected, and you cannot contact your doctor...Return Here.

## PATIENT DISCHARGE INSTRUCTIONS

1. FOLLOW THE PREPRINTED INSTRUCTIONS ON THE PATIENT CARE INSTRUCTIONS SHEET (SEE BACK OF THIS PAGE) FOR:

☐ A. VOMITING AND DIARRHEA
☐ B. HIGH FEVER
☐ C. WOUND CARE
☐ D. HEAD INJURY
☐ E. NECK AND BACK INJURIES
☐ F. UPPER AND LOWER EXTREMITY SPRAINS
☐ G. CHEST INFECTION AND INJURIES
☐ H. HIGH BLOOD PRESSURE
BP ___/___ BP ___/___
☐ I. EYE CARE
☐ J. SEXUALLY TRANSMITTED DISEASES
☐ K. CROUP
☐ L. NOSE BLEED
☑ M. FRACTURES
☐ N. SUTURE REMOVAL - CALL YOUR FOLLOW-UP DOCTOR FOR AN APPOINTMENT FOR SUTURE REMOVAL IN _____ DAYS.
☐ O. OTHER (see over)

2. ☐ CHEST OR ABDOMINAL PAIN
In spite of a negative examination and tests in the Emergency Room, it is possible that a significant problem is present. If the symptoms recur, you are urged to notify your family physician or return to the Emergency Room.

3. USE PRESCRIBED MEDICATION AS DIRECTED ON BOTTLE.

4. USE TYLENOL, ASPIRIN, OR ADVIL (IBUPROFEN) IN THE FOLLOWING DOSAGE__________ EVERY__________ HOURS____ FOR__________

5. OTHER INSTRUCTIONS:

Vicodin every 4-6 hrs as needed
Elevate arm. Keep in sling
Call Ortho. Dr. [illegible]
(718) 667-7500

6. ALL PATIENT BELONGINGS TAKEN HOME BY PATIENT / REPRESENTATIVE. (circle one)

I acknowledge receipt of the instructions indicated. I understand that I have had emergency treatment only and that I may be released before all of my medical problems are known or treated. I will arrange for follow-up care as indicated.

Date 5/28/05

Patient (or representatives) Signature [signature]

RN Signature__________

Doctor's Signature [signature]

☐ Tetanus shot given ☐ Yes ☐ No Type__________

☐ Immunization update referral__________

☐ Social Service/Community Agency referral__________

### FOLLOW-UP CARE

☐ Physician Referred
☑ Your Physician D. Fardi
(Other Physician/Specialty)
☐
☐ Medical Arts Pavilion
☐ Date/Time:__________
☐ Date/Time:__________
☐ Outpatient Department South
☐ Internal Medicine
☐ Specialty/Physician

**NOTE: Please call first to schedule/confirm your appointment**

Clinics:
Occupational Health Program-226-6362
North Site:
Medical, Orthopedic - 226-6494
Pediatric - 226-6906
Surgical - 226-6398
Ob/Gyn - 226-6336
Employee Health - North - 226-9004
South - 226-2099
Diabetic - 226-6340
Bay Street - 226-6700
Forest Avenue - 273-0553
South Site (all services) - 226-2051

☐ Medications Prescribed ☐ Yes ☐ No Type__________

PRINTED BY: ARUSSO02
DATE 1/19/2006
THIS IS A COPY

**NO ONE DESERVES TO BE ABUSED. IF YOU NEED HELP, CALL 1-800-621-HOPE**

If you are ever in need of a Physician or Dental Referral, call the Staten Island University Hospital Physicians and Dental Referral Line: (718) 226-2880.

39669 S (6/01)

**STATEN ISLAND UNIVERSITY HOSPITAL**
475 Seaview Avenue
Staten Island, NY 10305-3498

# EMERGENCY DEPARTMENT RECORD

CWB

| ACCOUNT NO. | DATE | TIME | FAMILY PHYSICIAN | SPGM | CL CODE | MR. NO. |
|---|---|---|---|---|---|---|
| 3110580 | 05-28-05 | 18:38 | FARACI, NICK G MD | | CE | 001204552 |

| PATIENT NAME - LAST, FIRST | | DATE OF BIRTH | AGE | SEX | MAR. STAT | RELIGION | RACE |
|---|---|---|---|---|---|---|---|
| LAVIGNANI, RICCARDO | | 09-19-96 | 008Y | M | SINGLE | CATHOL | C |
| ADDRESS | CITY | STATE | ZIP | HOME PHONE | | S.S. NO. | |
| 56 PIERPONT PLACE | STATEN ISLAND, | NY | 10314 | 718-494-1463 | | | |

| PATIENT EMPLOYER- NAME | ADDRESS | PHONE NO. |
|---|---|---|
| | | |

| SUBSCRIBER- NAME | ADDRESS | | PHONE NO. |
|---|---|---|---|
| LAVIGNANI, DEBRA | 56 PIERPONT PLACE STATEN ISLAND NY 10314 0000 | | 718-494-1463 |
| GUARANTOR- NAME | ADDRESS | RELATIONSHIP | PHONE NO. |
| LAVIGNANI, DEBRA | 56 PIERPONT PLACE STATEN ISLAND, NY 10314 | CHILD | 718-494-1463 |
| GUARANTOR EMPLOYER- NAME | ADDRESS | GUARANTOR S.S.# 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 | PHONE NO. |

| NEXT OF KIN | ADDRESS | RELATIONSHIP | PHONE NO. |
|---|---|---|---|
| LAVIGNANI, DEBRA | 56 PIERPONT PLACE STATEN ISLAND, NY 10314 | CHILD | 718-494-1463 |

| FC | CO# | PLAN# | CERT.# | NAME OF INS |
|---|---|---|---|---|
| P | 680 | 01 | NIA | SELF PAY OUTPATI |
| | CO# 000 | PLAN# 00 | CERT.# | NAME OF INS |
| | CO# 000 | PLAN# 00 | CERT.# | NAME OF INS |
| | CO# | PLAN# | CERT.# | NAME OF INS |

| ACCIDENT TYPE | LOCATION | ACCIDENT DATE | ACCIDENT TIME | ARRIVAL MODE | REGISTRAR |
|---|---|---|---|---|---|
| 05 | BOAT | 5/28/05 | 16:30 | CAR | DFEN |

COMMENTS:

| SIGNATURE: | PRINTED BY: ARUSSO02 | DATE/TIME: |
|---|---|---|
| | DATE   1/19/2006 | |
| 38624 (07/04) - chart form | THIS IS A COPY | JetForm cre. (07/04) |

## ACTIONS

| TIME | | INIT |
|---|---|---|
| | agency notified | |
| 755 | ID band applied    ID band verified | |
| | C-collar    back board    in car seat | |
| 755 | ice pack / elevate    warming measures | |
| | bandage applied    wet to dry dressing | |
| | pulse oximeter    O₂ _____ L via | |
| | set up suture tray / eye tray | |
| | cardiac monitor | |
| | Accu-Chek | |
| | bed low position    side rails up  x1  x2 | |
| | call light in reach    head of bed elevated | |
| | held by parent / caregiver | |
| | ready for Dr eval. / notified doctor / seen by Dr | |
| | restraints  see documentation | |

## IV RECORD

| Time | Solution | Site | Ga | Pump | Rate | Amt in | INIT |
|---|---|---|---|---|---|---|---|
| | NS ↑ 1000 cc | | | | | | |
| | | | | | | | |
| | | | | | | | |

## MEDICATIONS

| Time | Medication | Dose | Route | Site | INIT |
|---|---|---|---|---|---|
| | TD / TT | 0.5 mL | IM | | |
| | lot #:       exp. date       manufac | | | | |
| | Response:  no change    improved | | | | |
| | Response:  no change    improved | | | | |
| | Response:  no change    improved | | | | |
| | Response:  no change    improved | | | | |

## PROCEDURES

| Time | | INIT |
|---|---|---|
| | laceration repair  to  scalp  face  limb  trunk | |
| | assisted by: | |
| | foreign body removed | |
| | assisted Dr    with dislocation / fx reduction | |
| | shoulder  elbow  MTP  patella | |
| | eye irrigation    Morgan lens | |
| | fluorescein    sol.    amt. | |
| | splint applied    arm  leg    short  long | |
| | type: | |
| | cleaned wound    applied abx ointment | |
| | applied dressing / Band-Aid / elastic wrap | |
| | to Xray    w monitor / nurse / O₂ / tech | |
| | return to room | |

## VITAL SIGNS

| Time | BP | P | RR | T | O₂sat | Rhythm | Pain | Pupils | INIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |

## PUPIL ASSESSMENT

9mm  8mm  7mm  6mm  5mm  4mm  3mm  2mm

### GLASCOW COMA SCALE - MODIFIED

Eye Opening
spontaneous(4)  to speech(3)  to pain(2)  none(1)
Best Verbal Response
coos, babbles(5) Irritable, cry(4) cries to pain(3) moans to pain(2) none(1)
Best Motor Response
spontaneous(6)  withdraws at touch(5)   withdraws at pain (4)
abnml flexion(3)  abnml extension(2)  none(1)

| TOTAL 3-15 | 15 | 1 hr | DC |
|---|---|---|---|
| | | | |

### ADDITIONAL NOTE

### INTAKE _____     OUTPUT _____
__ IV / saline lock discontinued:    Total Amt Infused _____
                                      Time _____ Initials _____

### PROPERTY TO:
__ patient  __ family  __ security  __ safe  __ see patient belongings list

### DISPOSITION
 discharged  home   school   daycare   ME   funeral home
 verbal / written instructions / Rx  given to:   parent _____
 verbalized understanding
__ learning barriers addressed _____
__ accompanied by: _____
__ social service / referral _____
__ admitted / transferred   to _____
__ report to _____ time _____
__ transfer documentation completed
__ notified  family / police / ME _____
__ left AMA / LWBS    signed AMA sheet    refused _____
__ physician notified of: _____

Discharge Vitals
BP _____ HR _____ RR _____ Temp _____ O2 Sat _____
__ pain level at discharge _____ /10*

0  2  4  6  8  10
NO HURT   HURTS  HURTS  HURTS  HURTS  HURTS
LITTLE BIT  LITTLE MORE  EVEN MORE  WHOLE LOT  WORST

### CONDITION
__ unchanged  __ improved  __ stable  __ other _____
Depart Date _____ Depart Time _____
Mode: walk  carried  crutches  W/C  stretcher  ambulance

Discharge Nurse Signature _____
☐ Continuation Sheet

| SIGNATURE | INITIAL |
|---|---|
| | |
| | |

*Wong-Baker FACES Pain Rating Scale Copyrighted by Mosby, Inc. Reprinted by permission.

PRINTED BY: ARU5S002
DATE   1/19/2006
THIS IS A COPY

| | |
|---|---|
| _____NOTICE OF ENTRY_____<br><br>PLEASE take notice that the within is a (*certified*) true copy of a<br>duly entered in the office of the clerk of the within named court on<br><br>Dated,<br><br>Yours, etc.<br>**GRAVANTE & LOOBY, LLP**<br>*Attorneys for*<br><br>*Office and Post Office Address*<br>1514 Eighty Six Street<br>Brooklyn, NY 11228-9004<br><br>To<br><br>Attorney(s) for<br><br>_____NOTICE OF SETTLEMENT_____<br>PLEASE take notice that an order<br><br>of which the within is a true copy will be presented<br>for settlement to the Hon.<br><br>One of the judges of the within named Court, at<br><br>on<br>at              M.<br>Dated,<br><br>Yours, etc.<br>**GRAVANTE & LOOBY, LLP**<br>*Attorneys for*<br><br>*Office and Post Office Address*<br>1514 Eighty Sixth Street<br>Brooklyn, NY 11228-9004 | Index No.                Year<br>**UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>Debra Corra and Anthony Lavignani, individually and as Natural Parents and Guardians of Anthony Lavignani, an Infant,<br><br>                              Plaintiff,<br><br>- against -<br><br>UNITED STATES OF AMERICA<br><br>                              Defendant.<br><br>**COMPLAINT**<br><br>Signature (Rule 130-1.1-a)<br><br>Print name Beneath MARY MARGARET LOOBY<br><br>**GRAVANTE & LOOBY, LLP.**<br>*Attorneys for PLAINTIFFS*<br>1514 Eighty Sixth Street<br>Brooklyn, NY 11228-9004<br>(718) 236-3800<br><br>To<br>Attorney(s) for<br><br>Service of a copy of the within is hereby admitted.<br>Dated, |

*(Stamp: 2007 AUG 21 AM 11:58 MAIL REFERRAL UNIT)*