PETER D. KEISLER
Assistant Attorney General
STEPHEN M. KETYER
Trial Attorney
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
Tel. (202) 616-4034
Fax (202) 616-4159

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

DEBRA CORRA and ANTHONY LAVIGNANI,    :
individually as Parents and Natural Guardians of    :
ANTHONY LAVIGNANI, an Infant,    :    ANSWER WITH
                                                                         :    AFFIRMATIVE
                    Plaintiffs,    :    DEFENSES
                                                                         :
        vs.    :    07 CV 4110 (LAK)
                                                                         :
UNITED STATES OF AMERICA,    :
                                                                         :
                    Defendant.    :
-------------------------------------------------------------------x

Defendant United States of America ("United States"), by its undersigned

attorney, answers the Complaint on information and belief as follows:

        1.        Deny knowledge and information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint.

        2.        Admit that Plaintiff Anthony Lavignani was injured, but deny any

negligence or wrongful acts on the part of United States employees and any causation.

Additionally, certain allegations contained in paragraph 2 constitute conclusions of law

to which no response is necessary.  To the extent a response is deemed necessary,

however, the allegations are denied.

     3.     The allegations contained in paragraph 3 constitute conclusions of law to

which no response is necessary.  To the extent a response is deemed necessary, however,

the allegations are denied.

     4.     Admit that Plaintiffs filed an administrative claim with the Department of

the Navy.  Admit that at all relevant times, United States employees aboard the Navy

vessel USS JOHN F. KENNEDY (CV 67) were acting within the scope of their

employment  Deny the remaining allegations contained in paragraph 4 of the Complaint.

     5.     Admit that Plaintiffs filed an administrative claim using a Standard Form

95 with the Department of the Navy.  Other allegations contained in paragraph 5

constitute conclusions of law to which no response is necessary.  To the extent a

response is deemed necessary, however, the allegations are denied.

     6.     Admit that Plaintiffs filed this civil action more than six months after they

filed their administrative claim with the Department of the Navy.  All other allegations

contained in paragraph 6 are denied.

     7.     Deny knowledge and information sufficient to form a belief as to the truth

of the allegations contained in paragraph 7 of the Complaint.

     8.     Admit the allegations of paragraph 8 of the Complaint.

     9.     Deny the allegations of paragraph 9.

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF INFANT PLAINTIFF ANTHONY LAVIGNANI

10.     Defendant United States incorporates by reference as if set forth in full herein paragraphs 1 through 9, above.

11.     Admit that Plaintiff Anthony Lavignani was aboard the Navy vessel USS JOHN F. KENNEDY (CV 67) on May 28, 2005.  Deny sufficient information and belief as to the truth of the other allegations contained in paragraph 11.

12.     Admit, on information and belief, that on May 28, 2005, Plaintiff Anthony Lavignani was injured while he was in a Marine Corps Amphibious Assault Vehicle ("AAV") located onboard the vessel.  Deny sufficient information and belief as to the truth of the other allegations contained in paragraph 12.

13.     Deny the allegations of paragraph 13.

14.     Deny the allegations of paragraph 14.

15.     Deny the allegations of paragraph 15.

16.     Deny the allegations of paragraph 16.

17.     Deny the allegations of paragraph 17.

18.     Deny the allegations of paragraph 18.

19.     Deny the allegations of paragraph 19.

20.     Admit, on information and belief, that on May 28, 2005, Plaintiff Anthony Lavignani, a minor, was injured while he was in an AAV.  Deny sufficient information and belief as to the truth of the other allegations contained in paragraph 20.

21.     Deny the allegations of paragraph 21.

22.     Deny the Defendant was negligent.  Admit Plaintiff Anthony Lavignani

required medical care and attention following his fall.  Deny knowledge and information

sufficient to form a belief as to the truth of the other allegations contained in paragraph

22 of the Complaint.

23.     Deny the allegations of paragraph 23.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS AS PARENTS AND NATURAL GUARDIANS**

24.     Defendant United States incorporates by reference as if set forth in full

herein paragraphs 1 through 23, above.

25.     Deny knowledge and information sufficient to form a belief as to the truth

of the other allegations contained in paragraph 25 of the Complaint.

26.     Deny allegations contained in paragraph 26 of the Complaint.

27.     The "wherefore" clause of the Complaint does not require a response,

however, Defendant United States denies that Plaintiffs are entitled to any relief against

it.

AFFIRMATIVE AND OTHER DEFENSES

First Defense

Plaintiffs' Complaint fails to state a claim on which relief may be granted.

Second Defense

The Court lacks subject matter jurisdiction over all or portions of the Complaint.

4

Third Defense

Venue is not proper under the Public Vessels Act, 46 U.S.C. § 31104.

Fourth Defense

No employee, agent, or servant of the United States breached any duty owed to Plaintiffs herein at any of the times or in any of the matters alleged in Plaintiffs' Complaint, and no act or omission by the United States or any of its officers, crew, employees, agents, or servants alleged in Plaintiffs' Complaint was a proximate cause of any injury or damages alleged in that Complaint.

Fifth Defense

If Plaintiffs were or might be injured as alleged in Plaintiffs' Complaint, which injuries are not admitted but are specifically denied, the injuries were caused in whole or in part by Plaintiffs' own negligent acts or omissions for which United States is not liable or responsible.

Sixth Defense

If Plaintiffs were or might be injured as alleged in Plaintiffs' Complaint, which injuries are not admitted but are specifically denied, the injuries were caused in whole or in part by the negligent acts or omissions of others, for whose acts or omissions the United States is not liable or responsible.

Seventh Defense

In the event the United States is found to be negligent, which negligence the United States specifically denies, the negligence of Plaintiffs contributed to and/or caused their damages, and any recovery must be proportionately reduced.

Eighth Defense

To the extent that Plaintiffs' alleged damages were caused in whole or in part by the negligence of parties other than the United States, and should the United States be found in any way liable in this matter, the United States' liability for Plaintiffs' damages, if any, should be allocated to the United States in direct proportion to the United States' percentage of fault, if any.

Ninth Defense

As to any FTCA claim:  Plaintiffs knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking in which they were engaged, but nevertheless, in knowing these things, they did freely and voluntarily consent to assume all the risks and hazards in the undertaking.

Tenth Defense

Should the United States be found liable to any of the Plaintiffs, which liability it specifically denies, the United States is entitled to an offset for any monies received by Plaintiffs from any source as a result of the accident.

### Eleventh Defense

Should the United States be found liable to any Plaintiffs, which liability is expressly denied, the United States is entitled to contribution and/or indemnity from others over whom it had no control, including but not limited to Plaintiffs.

### Twelfth Defense

If the Court determines that it has jurisdiction under the FTCA, which jurisdiction the United States denies, Plaintiffs' damages, if any, are limited by the sum set forth in their administrative claim.  28 U.S.C. § 2675(b).

### Thirteenth Defense

Plaintiffs' damages, if any, have been caused at least in part by Plaintiffs' failure to mitigate damages.

### Fourteenth Defense

Plaintiffs are not entitled to pre-judgment interest.  46 U.S.C. § 31107; 28 U.S.C § 2674.

### Fifteenth Defense

If the Court determines that it has jurisdiction under the FTCA, which jurisdiction the United States denies, Plaintiffs are not entitled to "other and further relief."  28 U.S.C. § 1346(b)(1).

Sixteenth Defense

Plaintiffs have no right to a jury trial against the sovereign.  46 U.S.C.

§§ 30903(b); 31103.  Under the FTCA, which jurisdiction the United States denies, jury

trials against the United States are likewise barred.  28 U.S.C. § 2402.

Seventeenth Defense

Plaintiffs herein are not entitled to attorney fees against the United States in

addition to or in place of any damages awarded.


//


//


//


//


//


//

WHEREFORE, Defendant United States prays that Plaintiffs take nothing by reason of their suit herein, that judgment be rendered in favor of Defendant United States of America, for costs of suit herein incurred, and for such other and further relief as this court may deem proper.

DATED:       August 28, 2007
             Washington, D.C.

                                              Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              /s/  Stephen M. Ketyer
                                              STEPHEN M. KETYER
                                              Trial Attorney
                                              Department of Justice
                                              Civil Division, Torts Branch
                                              Aviation/Admiralty Litigation
                                              Post Office Box 14271
                                              Washington, D.C.  20044-4271
                                              (202) 616-4034
                                              (202) 616-4159 (fax)
                                              stephen.ketyer@usdoj.gov
                                              *Counsel for the United States of America*

OF COUNSEL:

LCDR ROBERT A. WILLIAMS, JAGC
United States Navy
Office of the Judge Advocate General
Admiralty and Maritime Law (Code 11)
1322 Patterson Ave., Ste. 3000
Washington Navy Yard, DC 20374-5066
Telephone (202) 685-5157
robert.a.williams8@navy.mil

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2007, a copy of the foregoing

Defendant's Answer to Plaintiffs' Complaint with Affirmative Defenses, was filed and

served by CM/ECF, or served by FedEx Priority Overnight addressed to the following

counsel of record:

Mary Margaret Looby, Esq.
Gravante & Looby, LLP
1514 86th St.
Brooklyn, NY 11228
Tel. 718-236-3800


/s/ Stephen M. Ketyer
_____
STEPHEN M. KETYER
Employee
U.S. Department of Justice